UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Cindy Wengerd, *et al.*,

        Plaintiffs,        Case No. 3:15-cv-293

v.        Judge Thomas M. Rose

Self-Reliance, Inc.,

        Defendant.

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FOR COURT-AUTHORIZED NOTICE (Doc. 14).**

---

        This matter is before the Court on Plaintiffs' Motion to Conditionally Certify Collective Action and for Court-Authorized Notice. (Doc. 14). Plaintiffs have moved the Court for an order conditionally certifying this lawsuit as a collective action and authorizing the dissemination of the Notice and Consent to Join form to all eligible current and former Self-Reliance Direct Care Staff.

        I.        Background

        On August, 25, 2015, Plaintiffs Cindy Wengerd and Sarah Walker, individually and on behalf of all others similarly situated, filed this collective action lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01–10, and the Ohio Prompt Payment Act, Ohio Rev. Code § 4113.06(A), (B), alleging unpaid overtime wages against Defendant Self-Reliance. (Doc. #1). Plaintiffs allege that Self-Reliance failed to pay them and other similarly situated Direct Care staff overtime pay at a

1

rate of not less than one and one half times their regular rate for hours they worked in excess of forty hours in workweeks.

Self-Reliance is an Ohio Corporation, providing in-home family support for children and adults with challenging behaviors, developmental disabilities and other disabilities. (Doc. #1, Complaint at ¶ 8).  Self-Reliance employs hourly-paid Direct Care staff to provide family support and their primary job duties include: preparing and serving meals; administering medications; cleaning the kitchen and other rooms; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; caring for personal hygiene; dressing; and grooming.  (Id. at ¶ 11). The job duties Self-Reliance assigns to Direct Care Staff include both exempt and nonexempt work in the homes of Self-Reliance's clients. A large percentage, in excess of twenty percent of weekly hours worked, include general housekeeping duties. (Id. at ¶ 14). When more than twenty percent of an employee's time is spent on "general household work," overtime paid at "one and one-half the regular rate of pay for hours in excess of forty in a workweek" is required. See DOL Fact Sheet #25, p.2.

Wengerd was employed by Self-Reliance as Direct Care Staff from October 2009 to March 2015, in Millersburg, Ohio. (Wengerd Decl. at ¶ 3 (attached as Exhibit C)). As Direct Care Staff, Wengerd was paid $8.80 an hour, and she is familiar with the primary job duties of Direct Care Staff and the manner in which they are compensated. (Id. at ¶ 3–4). According to Wengerd, Self-Reliance Direct Care Staff perform the same non-exempt primary job duties, including in-home domestic services of meal preparation and service; administering medications; cleaning the kitchen and other rooms; making beds; washing clothes; washing dishes; mopping or vacuuming floors; dusting; taking out trash; personal hygiene care; dressing; and grooming. (Id. at 5).  These services are detailed in a plan of care for each Self-Reliance client, which Direct Care

staff follow. (Id. at ¶ 6). Throughout her employment as Direct Care Staff, Wengerd regularly worked in excess of forty hours in workweeks, but did not receive overtime pay at a rate not less than one and one-half times her regular rate. (Id. at ¶ 7). Instead, as Self-Reliance admits, she was paid "straight time." (Id.); (Doc. #5, Answer ¶18). Self-Reliance also admits that Plaintiffs are covered employees for purposes of the FLSA. (Doc. #5, p. 5 ¶ 43). Based on her personal interactions with other Direct Care Staff, Plaintiff Wengerd is informed that other such employees performed the same primary job duties as she did and were denied overtime pay, when they worked in excess of forty hours in workweeks and would join this lawsuit to recover unpaid wages. (Wengerd Decl. at ¶ 10).

Sarah Walker was also employed by Self-Reliance from December 2014 to March 2015, as Direct Care staff in Millersburg, Ohio. (Walker Decl. at ¶ 3). She was paid $9.00 an hour and performed the same primary job duties of in-home domestic care as Wengerd and other Direct Care staff and was denied overtime pay when she worked in excess of forty hours in workweeks. (Id. at ¶ 5–9). Walker is also aware of other Direct Care staff who have been denied overtime pay and would join this lawsuit to recover unpaid wages due. (Id. at ¶ 5–9).

Plaintiffs seek an order conditionally certifying a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), defined as:

> All persons who are or have been employed by Self-Reliance as Direct Care staff in Ohio, or other job titles performing similar job duties, who did not receive premium overtime pay at a rate of not less than one and one-half times their regular rate of pay when they worked more than forty (40) hours in a workweek, at any time from August 25, 2012 through the entry of final judgment.

29 U.S.C. § 216(b).

**II.     Analysis**

The FLSA provides:

> An action .... may be maintained against any employer ... in any Federal or State Court of competent jurisdiction by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated. No employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is sought.

29 U.S.C. § 216(b).

The collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73.  District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012).

There is a two-tiered process for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. Id.  In the conditional certification stage, a plaintiff's burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106–07. In the conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208. Accord M*ooney v. Aramco Services Co*., 54 F.3d 1207, 1214 (5th Cir. 1995) ("lenient standard").

In the instant case, Plaintiffs have brought their unpaid wage claims individually and on behalf of similarly situated employees, seeking conditional certification of and notice to members of a putative collective of Self-Reliance Direct Care staff. The allegations in the Complaint and Plaintiffs' declarations agree that Self-Reliance Direct Care staff share similar primary job duties and responsibilities and are alleged to be victims of the same policy, decision and practice to deny them overtime pay. This suffices to consider Plaintiffs and the putative collective members similarly situated for purposes of conditional certification.

Plaintiffs profess to be experienced Direct Care staff with personal knowledge of the primary job duties of such employees and the compensation plan applied to them by Self-Reliance. The primary job duties of Direct Care staff include: preparing and serving meals; administering medications; cleaning the kitchen and other rooms; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; caring for personal hygiene; dressing; and grooming. While the job duties Self-Reliance assigns to Direct Care staff include both exempt and non-exempt work in the homes of Self-Reliance's clients, only a small percentage of these job duties include fellowship and companionship services, while a large percentage—in excess of twenty percent of weekly hours worked—include housekeeping duties. When more than twenty percent of an employee's time is spent on "general household work" overtime paid at "one and one-half the regular rate of pay for hours in excess of forty in a workweek" is required. See DOL Fact Sheet #25, p.2. Thus, Plaintiffs and the putative collective members are similarly situated with respect to their primary job duties for purposes of conditional certification.

Plaintiffs and the putative collective members are similarly situated with respect to being victims of the same decision, policy, and pay practice that denied them overtime pay. Specifically, Plaintiffs purport to have been denied overtime pay when they worked in excess of

forty hours in workweeks and, instead, were paid "straight time" for overtime hours worked. Thus, Plaintiffs have met their burden of alleging that they and putative collective members are similarly situated as victims of a single decision, policy, or plan that violated the law.

Notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed Notice and Consent to Join form is accurate and informative. Both the proposed Notice and Consent to Join form advises putative collective members of the pending litigation, describes the legal and factual bases of Plaintiffs' claims, informs collective members of the right to opt in and that participation in the lawsuit is voluntary, and provides instructions on how to opt in.

In order to accurately, efficiently, and quickly facilitate the Court-authorized Notice and Consent to Join form, the Court orders Self-Reliance to produce to Plaintiffs' counsel a list of all putative collective members. The list should include each employee's full name, last-known home address, last known personal email address, employee identification number, and dates of employment. Self-Reliance is to provide this information to Plaintiffs' counsel within 14 days of the Court's Order granting this Motion.

Courts have discretion in deciding how notice is disseminated. Plaintiffs counsel is permitted to send within 20 days of the Order granting this Motion, the Court-authorized Notice and Consent Form via U.S. Mail and electronic mail to putative class members. Notice should also be posted at Self-Reliance facilities. Plaintiffs also request a 60-day opt-in period for the putative class. See, e.g., *Hardesty v. Litton's Mkt. & Rest., Inc.*, No. 3:12-cv-60, 2012 WL 6046697, at *2 (E.D. Tenn. Dec. 5, 2012) (authorizing a 60-day opt in period). Additionally, Plaintiffs' counsel is authorized to send a second, identical copy of the Notice and Consent Form to members of the putative class 30 days into the opt-in period, reminding them of the deadline for

the submission of the Consent Forms.

Plaintiffs' Motion to Conditionally Certify Collective Action and For Court-Authorized Notice is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 6, 2017.

> s/Thomas M. Rose
> _____
> THOMAS M. ROSE
> UNITED STATES DISTRICT JUDGE